# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

REGINALD HINES, JR.,

          Plaintiff,

v.

ATTORNEY JASON C. GONZALES,

          Defendant.

Case No. 18-CV-1540-JPS

**ORDER**

      Plaintiff, a prisoner proceeding *pro se*, filed a complaint pursuant to 42 U.S.C. § 1983 alleging that Defendant violated his civil rights. (Docket #1). This case was assigned to U.S. Magistrate Judge William E. Duffin. Because not all parties have had the opportunity to consent to magistrate judge jurisdiction, the case was randomly reassigned to this branch of the Court for resolving Plaintiff's motion for leave to proceed without prepayment of the filing fee, (Docket #2), and screening the complaint. Magistrate Duffin waived payment of the initial partial filing fee. (Docket #6). This Court will now grant Plaintiff's motion to proceed without prepayment of the filing fee and screen the complaint.

      The law requires the court to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint if the plaintiff raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." *Ashcroft v.*

*Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (citing *Twombly*, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. § 1983, Plaintiff must allege that 1) he was deprived of a right secured by the Constitution or laws of the United States, and 2) the deprivation was caused by the defendants acting under color of state law. *Buchanan-Moore v. Cnty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009) (citing *Kramer v. Vill. of N. Fond du Lac*, 384 F.3d 856, 861 (7th Cir. 2004)); *see also Gomez v. Toledo*, 446 U.S. 635, 640 (1980). The court is obliged to give the plaintiff's *pro se* allegations, "however inartfully pleaded," a liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

Plaintiff alleges that Defendant, who was apparently his defense attorney in a state criminal matter, did not properly litigate that criminal case. (Docket #1 at 2–3). This led Plaintiff to "plea out to something I didn't do." *Id.* at 2. *Heck v. Humphrey*, 512 U.S. 477, 487 (1994), holds that a plaintiff may not pursue an action under Section 1983 if success in that action would necessarily imply the invalidity of a criminal conviction that has not been reversed, expunged, or called into question by the issuance of a federal writ of *habeas corpus*. Plaintiff asserts that his criminal conviction is wrongful and seeks money damages in compensation. (Docket #1 at 4). This is precisely what *Heck* forbids. *Whitfield v. Howard*, 852 F.3d 656, 661 (7th Cir. 2017). Plaintiff may only bring his claim for money damages *after* he has succeeded in having his criminal conviction overturned. For the time being,

this action must be dismissed for failure to state a claim upon which relief may be granted.

Accordingly,

**IT IS ORDERED** that Plaintiff's motion for leave to proceed without prepayment of the filing fee (Docket #2) be and the same is hereby **GRANTED**;

**IT IS FURTHER ORDERED** that this action be and the same is hereby **DISMISSED** under 28 U.S.C. §§1915(e)(2)(B) and 1915A(b)(1) because the complaint fails to state a claim upon which relief may be granted;

**IT IS FURTHER ORDERED** that the Clerk of the Court document that Plaintiff has incurred a "strike" under 28 U.S.C. §1915(g);

**IT IS FURTHER ORDERED** that the agency having custody of Plaintiff shall collect from his institution trust account the $350 filing fee by collecting monthly payments from Plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to Plaintiff's trust account and forwarding payments to the clerk of court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The agency shall clearly identify the payments by the case name and number. If Plaintiff transfers to another county, state, or federal institution, the transferring institution shall forward a copy of this order, along with Plaintiff's remaining balance, to the receiving institution; and

**IT IS FURTHER ORDERED** that a copy of this order be sent to the officer in charge of the agency where Plaintiff is confined and to Corey F. Finkelmeyer, Assistant Attorney General, Wisconsin Department of Justice, P.O. Box 7857, Madison, Wisconsin, 53707-7857.

The Clerk of the Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 27th day of December, 2018.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge